FILED

SEP 2 8 2012

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
                                    DEPUTY

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **WESTERN OF TEXAS-MIDLAND/ODESSA** |
|---|---|
| Name (under which you were convicted):<br>**JAIME URQUIDI-ORTEGA** | Docket or Case No.:<br>**MO-12-CV0101** |
| Place of Confinement:<br>**FCI ELKTON-P.O. BOX 10-LISBON, OHIO 44432** | Prisoner No.:<br>**53815-080** |
| UNITED STATES OF AMERICA<br><br>**RESPONDENT,** v. | Movant (include name under which you were convicted)<br><br>**JAIME URQUIDI ORTEGA** |

MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    **UNITED STATES DISTRICT COURT-WESTERN DISTRICT OF TEXAS**
    **200 East Wall, Room 222- Midland, Texas 79701**


    (b) Criminal docket or case number (if you know): **7:02-cr-00096-RAJ-1**

2.  (a) Date of the judgment of conviction (if you know): **07/28/09**


    (b) Date of sentencing: **OCTOBER 28, 2009**

3.  Length of sentence: **TWO HUNDRED TWENTY 220) MONTHS**

4.  Nature of crime (all counts): **COUNT ONE : AIDING AND ABETTING POSSESSION WITH INTENT TO
    DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE (21 USC 841 (a)(1) AND (b)(1)(A) AND 18 USC 2
    TEN YEARS TO LIFE IMPRISONMENT , $4,000, 000 FINE, CLASS A FELONY.**

    **COUNT TWO: AIDING AND ABETTING THE DISTRIBUTION OF 5 KILOGRAMS OR MORE OF COCAINE
    (21 USC 841 (A)(1) and 841 (B)(1)(A) AND 18 USC 2/TEN YEARS TO LIFE IMPRISONMENT, $4,000 ,000
    FINE, CLASS A FELONY.**


5.  (a) What was your plea? (Check one)
        (1)  Not guilty ☒        (2)  Guilty ❏        (3)  Nolo contendere (no contest) ❏
    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?


    **N/A**


6.  If you went to trial, what kind of trial did you have? (Check one)      Jury ☒      Judge only ❏

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?  Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: **UNITED STATES DISTRICT COURT FOR THE FIFTH CIRCUIT**

   (b) Docket or case number (if you know): **09-50988**

   (c) Result: **JUDGMENT OF DISTRICT COURT AFFIRMED**

   (d) Date of result (if you know): **04/28/2011**

   (e) Citation to the case (if you know): **USA V. JAIME URQUIDI-ORTEGA-2011 U.S. LEXIS**

   (f) Grounds raised:

   **1. WHETHER IN ORTEGA'S CASE, A REASONABLE TRIER OF FACT COULD CONCLUDE FROM THE EVIDENCE THAT ELEMENTS OF THE OFFENSE ESTABLISHED BEYOND A REASONABLE DOUBT?**
   **2. WHETHER THE TRIAL JUDGECOMMITTED REVERSIBLE ERROR IN EVADING PROVINCE OF JURY WHEN, IN RESPONSE TO THE JURY'S QUESTION, COURT ELECTED TO DENY THE JURY'S REQUEST?**
   **3. WHETHER THE ERRONEOUS FINDING BY THE TRIAL JUDGE, THAT, ALTHOUGHTHE IDENTIFICATION PROCEDURE WAS IMPERMISSIBLE SUGGESTIVE , IT WAS NONETHELESS RELIABLE, IS IN VIOLATION OF ORTEGA'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO COUNSEL AND HIS DUS PROCESS RIGHTS?**
   **4. WHETHER THE DISTRICT COURT ERRED IN APPLYING THE OBSTRUCTION OF JUSTICE ENHANCEMENT TO ORTEGA?**
   **5. WHETHER THE DISTRICT COURT ERRED IN APPLYING THE LEADERSHIP ROLE ENHANCEMENT TO ORTEGA'S SENTENCE?**
   **6.WHETHER THE PROSECUTOR'S INTRODUCTION OF EVIDENCE  HE KNOWS TO BE FALSE, VIOLATES ORTEGA-URQUIDI'S RIGHT TO A FAIR TRIAL, AS PROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION?**

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know): **11-5392**

      (2) Result: **PETITION DENIED**

      (3) Date of result (if you know): **10-03-2011**

      (4) Citation to the case (if you know): **JAIME URQUIDI ORTEGA, PETITIONER V. UNITED STATES OF AMERICA, RESPONDENT.**

      (5) Grounds raised:
      **1).DID THE FIFTH CIRCUIT PROPERLY HOLD-- IN CONFLICT THE DECISIONS OF THIS COURT AND OTHER CIRCUITS--THAT THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR IN EVADING PROVINCE OF THE JURY WHEN, IN RESPONSE TO JURY'S QUESTIONS, COURT ELECTED TO DENY THE JURY'S REQUEST?**
      **2). DID THE FIFTH CIRCUIT PROPERLY HOLD THAT THE DISTRICT DID NOT ERR IN FINDING THAT, ALTHOUGH THE IDENTIFICATION PROCEDURE WAS IMPERMISSABLE SUGGESTIVE , IT WAS NONETHELESS RELIABLE?**
      **3). DID THE FIFTH CIRCUIT PROPERLY HOLD THAT BECAUSE PETITIONER "FLED TO MEXICO" AN OBSTRUCTION OF JUSTICE ENHANCEMENT  APPLY WHEN THE EXISTING PRECEDENTS SPECIFICALLY SAY THAT 'MERELY BECOMING A FUGITIVE DOES NOT JUSTIFY THE ENHANCEMENT?**
      **4).DID THE FIFTH CIRCUIT PROPERLY HOLD THAT THE DISTRICT COURT DID NOT ERR IN APPLYING THE LEADERSHIP ROLE ENHANCEMENT ROLE TO THE PETITIONER?.**
      **(SEE ATTACHMENT 1)**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

      Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: **N/A**

      (2) Docket or case number (if you know): **N/A**

      (3) Date of filing (if you know): **N/A**

**ATTACHMENT I**

**5. WHERE, ( i ) THE CONFIDENTIAL INFORMANT ADVISED THE GOVERNMENT THAT PETITIONER SHOULD BE WANTED IN THE UNITED STATES AFTER BEING ARRESTED IN  ATLANTA ON A LARE MONEY SEIZURE GETTING OUT ON FEDERAL RELEASE;  ( i i ) THE GOVERNMENT ARRESTED PETITIONER AND EXTRADITED HIM BASED ON THOSE ALLEGATIONS; ( iii )THE ALLEGATIONS TURNED OUT TO BE FALSE; (iv) THE GOVERNMENT KNEW IT WAS FALSE, BUT CAUSED THE INFORMANT TO DO AN IN-COURT-IDENTIFICATION OF PETITIONER AS A CO-CONSPIRATOR, THERE WAS A VIOLATION OF PETITIONER'S RIGHT TO A FAIR TRIAL AS ROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised:**N/A**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒

(7) Result: **N/A**

(8) Date of result (if you know):**N/A**

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know):**N/A**

(3) Date of filing (if you know):**N/A**

(4) Nature of the proceeding:**N/A**

(5) Grounds raised:**N/A**

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒

(7) Result:**N/A**

(8) Date of result (if you know): **N/A**

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ❑   No ☒

(2)  Second petition:    Yes ❑   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: **N/A**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:THE  CONVICTION AND/OR SENTENCE  OF MR.URQUIDI-ORTEGA IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
The Performance Of Counsel For Mr. Urquidi-Ortega Fell Below An Objective Standard Of Reasonableness During The Pretrial, Plea, Trial, and Sentencing processes. Counsel failed to investigate and cross-examine a key Government Witness during the trial. Confidential Informant Armando Ramirez stated to the Government that he knew the Defendant-Movant through a Mr. Oscar Nino between December 1998 or January 1999 in Chihuahua, Chihuahua, Mexico. This was not true and contrary to Movant's advisement to Counsel that this witness did not know  the Movant as the witness stated, because Oscar had been in jail since November 1998. Trial Counsel failed to investigate that Oscar Nino was incarcerated from November 1998, or cross-examine  Armando Ramirez with regard to these facts. Had Counsel desired to investigate these facts he would have determined  that the dates were incorrect and that Mr. Ramirez could not have known the Movant and that he was lying. His testimony could have been discredited at that time. Counsel was ineffective in this regard because Mr. Ramirez Testimony was not challenged in that regard, given credibility and lent prejudice in the case against Urquidi-Ortega. In addition, Baeza Quinones Rodrigo said that he and Movant were from the same town at the July 2009 hearing. The Movant advised Counsel that Rodrigo Quinonez  did not know him and to find out from what town they were from and to describe how the town is. Counsel never made the effort to proceed further in determining the validity of the statement that the person knew me as we were from the same town. Trial Counsel never attempted to determine that Rodrigo Quinonez is originally from Ojinaga Chihuahua, Mexico, a different town from that of the Movant Camargo, Chihuahua Mexico or cross-examine Rodrigo with regard to these facts. Cross-examine by Counsel would have  known Rodrigo was lying.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
**THE REASONS FOR COUNSEL'S FAILURES AS OUTLINED IN THIS PETITION WERE NOT PART OF THE RECORD. MOVANT IS AWARE THAT CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARE NOT GENERALLY ENTERTAINED ON APPEAL BECAUSE OF THE ABSENCE  OF OPPORTUNITY TO EXPAND THE RECORD.**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☒   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**THE REASONS FOR COUNSEL'S FAILURES /INEFFECTIVENESS WERE NOT PART OF THE RECORD.**

**GROUND TWO:** THE   CONVICTION AND/OR SENTENCE  OF MR.URQUIDI-ORTEGA IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**The Performance Of Counsel For Mr. Urquidi-Ortega Fell Below An Objective Standard Of Reasonableness During  The Plea, Trial, and Sentencing processes. Counsel was ineffective for failing to communicate to the Movant, the Plea Offer. On March 16, 2009, Movant was advised by the Court that the Government was going to speak with Counsel regarding reaching an accord on the case. Counsel never advised the Movant  about the nature of any discussion. Movant's son called Counsel and asked what the Government had offered the Movant. Counsel's response was that the Government had not offered anything. (because the Movant was innocent).  On the 1st of July, 2009, through an interpreter of the court (Ms. Cecelia Nazaroff) , the Movant inquired again of his attorney if any pleas were offered by the Government which the Judge had said the Government had not offered anything. Counsel never showed the Movant anything or told him of any plea agreement from the Government circa  March 20, 2009.**

**The Movant became aware of the Plea Agreement in April of 2010 when the Counsel who represented the Movant sent all documents involved in the case by mail to Movant at the Federal Correctional Institution Elkton where he is presently  incarcerated. Counsel was not acting as Counsel, or in the Movant's best interest by failing to inform/and advise him of the proffer from the government. Movant submits that had Counsel acted in the best interest of the Movant, provided meaningful advocacy, there is a reasonable probability that the outcome of the proceeding would have been different. Counsel's performance was provided constitutionally deficient in his representation, in violation of the Sixth Amendment. Movant contends that such deficient performance was prejudicial.**

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

**THE REASONS FOR COUNSEL'S FAILURES/INEFFECTIVENESS WERE NOT PART OF THE RECORD.**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ☒   **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ☒   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: **THE REASONS FOR COUNSEL'S FAILURES/INEFFECTIVENESS WERE NOT PART OF THE RECORD.**

**GROUND THREE: THE  CONVICTION AND/OR SENTENCE  OF MR.URQUIDI-ORTEGA IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**The Performance Of Counsel For Mr. Urquidi-Ortega Fell Below An Objective Standard Of Reasonableness During The Plea, Trial, and Sentencing processes. During the trial and sentencing processes as there were many contradictions throughout the proceedings regarding  recordings and materially misstated facts pertaining to the actual identification of the Movant and prior relationships. Counsel was ineffective in failing to retain expert testimony  to attack eyewitness identification. Quinonez testified that he knew the Movant because :1.) he was shown a picture outside of the presence of  counsel, 2.) Quinonez lied when he said that he and the Movant were from the same town and that they grew up together. 3.) The government knew that Quinonez and the Movant did not come from the same town, and they produced no records to support the contentions that they were to the jury and counsel.  As the trial was nearing the end counsel requested the record of Quinonez. The government delivered a one (1) page document as part of the record The document simply stated that Quinonez is from Ojinaga, Chihuahua, a totally different place that the Movant is from.  Counsel was ineffective when he failed to delve further into the eyewitness identification and retain an expert for the case. Eyewitness identifications have proven to be unreliable and since the testimony and identification in this case were crucial, counsel's performance by failing to pursue this issue and obtain the aid of an expert prejudiced the Movant's case.**

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **INEFFECTIVE ASSISTANCE OF COUNSEL ISSUES ARE RARELY ENTERTAINED ON DIRECT APPEAL DUE TO THE INABILITY TO EXPAND THE RECORD. THE REASONS FOR COUNSELS FAILURES ARE NOT REFLCTED ON THE RECORD OF APPEAL.**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A- NO PREVIOUS POSTCONVICTION MOTIONS PAST PETITION FOR WRIT OF CERTIORARI HAVE BEEN FILED.**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: **THE REASONS FOR COUNSEL'S FAILURES/INEFFECTIVENESS WERE NOT PART OF THE RECORD.**

**GROUND FOUR: THE CONVICTION AND/OR SENTENCE OF MR.URQUIDI-ORTEGA IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
**The Performance Of Counsel For Mr.Urquidi-Ortega Fell Below An Objective  Standard Of  Reasonableness During Plea, Trial, And Sentencing Stage of the Process. Mr. Urquidi-Ortega Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing And Direct Appeal  Process, When Counsel Failed To: 1). Provide Available And Persuasive Authority  In Support Of Argument Against Enhancement For Role In The Offense. Movant was assessed Two points under 3B1.1 for Role as Organizer, and two points under 3C1.1 for Obstruction of Justice. These enhancements appeared in the Pre-Sentence Report. Movant contends that Counsel should have, within the ten day time frame allotted for Objections, launched said Objections against the enhancements. Counsel should have researched and provided substantive case law in support of the enhancements. 2). Counsel failed to request the court's consideration of application of the Parsimony Principle, where under 3553 regarding "reasonableness" requesting the court to impose a sentence sufficient, but not greater than necessary, to comply with  3553(a)(2).  In addition, Movant was tried by a jury, the enhancements were not presented to the jury, Counsel failed to argue against extra fact finding to enhance his guidelines, thus his sentence. 3).Counsel failed to argue that the guidelines are advisory, and that the court is not required to impose term commensurate with the calculated guideline range. In the case of Movant, with no criminal history points the term calculated by the probation officer should not be considered as reasonable. 4).  Counsel failed to raise the issue of extra fact-finding as the jury did not find for the amount of drugs to enhance the Movant's sentence. 5).Counsel failed to  argue and object to the attribution of Relevant Conduct, additional drugs added to increase his sentence. Mr. Urquidi-Ortega Was Prejudiced By the Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During  the Plea, Trial, And Sentencing stages if the proceedings.**

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state: **N/A**

    Type of motion or petition: **N/A**

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): **N/A**

    Date of the court's decision: **N/A**

    Result (attach a copy of the court's opinion or order, if available):

    **N/A**

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    **N/A   INEFFECTIVE ASSISTANCE OF COUNSEL ISSUES ARE RAISED HEREIN FOR THE FIRST TIME.**

    Docket or case number (if you know): **N/A**

    Date of the court's decision: **N/A**

    Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **THE REASONS FOR COUNSEL'S FAILURES/INEFFECTIVENESS WERE NOT PART OF THE RECORD AND ARE GENERALLY ENTERTAINED ONLY IN COLLATERAL ATTACK PROCEEDINGS UNDER 28 USC SECTION 2255.**

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **AS STATED ABOVE.**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?       Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **N/A**

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **H. THOMAS HIRSH**
**3816 NORTH DIXIE BOULEVARD-ODESSA, TEXAS 79762**

(b) At arraignment and plea: **SAME AS ABOVE**

(c) At trial: **SAME AS ABOVE**

(d) At sentencing: **SAME AS ABOVE**

(e) On appeal: **MOVANT PROCEEDED PRO SE**

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ❌

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❑ No ❌

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❌

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.* **MR URQUIDI-ORTEGA'S JUDGMENT OF CONVICTION BECAME FINAL ON 10-3.2011, WHEN THE SUPREME COURT DENIED CERTIORARI. THIS MOTION IS FILED WITHIN ONE YEAR OF THAT DATE. THEREBY DEEMING THIS MOTION TIMELY FILED.**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Movant's respectfully requests that this honorable Court vacate the convictions and sentences as unconstitutional and unlawful under statute as-applied to Movant, and order a resentencing, or in the alternative grant the motion for an Evidentiary Hearing providing the Movant an opportunity to further substantiate his claims,

or any other relief to which movant may be entitled.

_____
**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

                    (month, date, year).

Executed (signed) on  _9-25-2012_  (date).

_____
**Signature of Movant**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.