IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JAMIE ORTEGA-URQUIDI | ) | |
| | ) | |
| vs. | ) | NO. MO-12-CV-101 |
| | ) | NO. MO-2-CR-096 |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

In response to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255 filed on September 28, 2012, the United States would show the Court the following:

**PROCEDURAL BACKGROUND**

On July 28, 2009, Petitioner was found guilty, by a jury, of a two counts of Possession with Intent to Distribute. Count One of the Indictment charged Petitioner with Aiding and Abetting the Possession with Intent to Distribute 5 kilograms or more of Cocaine in violation of 21 U.S.C. §§ 841 and 841(b)(1)(A).  Count 2 charged Petitioner with Aiding and Abetting the Distribution of 5 kilograms or more of Cocaine in violation of 21 U.S.C. §§ 841 and 841(b)(1)(A).

On October 28, 2009, the Hon. Robert Junell sentenced Petitioner to a term of two hundred twenty (220) months in the United States Bureau of Prisons for Counts One and Two, the sentences to run concurrent to each other.

Petitioner was represented throughout his plea and sentencing by attorney Tom Hirsch.

On November 4, 2009 Petitioner filed a Notice of Appeal.

On November 28, 2011, the appellate court affirmed the judgment of conviction and the sentence.

On October 19, 2011 the petition for writ of certiorari to the United States Supreme Court

was denied.

## PETITIONER'S CLAIMS

Petitioner asserts that he received ineffective assistance of counsel in four different grounds. First, Petitioner asserts that counsel was ineffective for not investigating and cross examining a confidential informant and for failing to investigate and cross examine where a second witness was from.  Second, Petitioner asserts that defense counsel failed to inform Petitioner of a plea offer in the case.  Third, Petitioner asserts that defense counsel failed to appropriately challenge the eyewitness identification of petitioner.  Finally, petitioner asserts that defense counsel failed to make objections and argue for an appropriate reasonable sentence during the sentencing hearing. None of Petitioner's allegations warrant relief from the conviction or sentence entered by this Court.

"To prevail on an ineffective assistance of counsel claim a defendant must show 'both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.'" *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (quoting *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). "The first prong is only satisfied where the defendant shows that 'counsel's representation fell below an objective standard of reasonableness.'" *Strickland*, 466 U.S. at 687.

Petitioner's grounds for ineffective assistance in grounds one, three, and four are completely eviscerated when looking to the transcript of the pre trial hearing, trial, and sentencing phase.  Grounds one and three overlap and will be addressed together.

PETITIONER'S FIRST AND THIRD GROUNDS

Petitioner first claims that his attorney provided ineffective assistance of counsel to a constitutional degree when "Counsel failed to investigate and cross-examine a key government witness during the trial".(Doc. 117 at 5).  The witness Petitioner is referring to is Jose Armando Ramirez. Petitioner's argument is based upon Ramirez's supposed information that he knew an individual named Oscar Nino between December 1998 and January 1999, when in fact Oscar Nino was incarcerated in November 1998. (Doc. 117 at 5).  A review of the trial record shows that Jose Armando Ramirez testified in the jury trial on July 28, 2009.  He testified in the Government's case in chief and also on redirect.  The only reference that Mr. Ramirez makes to an Oscar Nino is when he is asked how he first met the Petitioner. (Doc. 103 at 41). Mr. Ramirez answers that he met the Petitioner in Chihuahua when he was with Oscar Nino. (Doc. 103 at 41). Ramirez never states that it was in 1998 or 1999.  In fact, the bulk of Mr. Ramirez's testimony concerns recorded phone calls between himself and the Petitioner in which they are setting up transactions for controlled substances. (Do. 103. 43-50).  All of which occurred after 2002, well after Petitioner claims there is some sort of discrepancy in where he met Mr. Ramirez. Petitioner further cannot show that this was prejudicial to the Defense.  As was stated earlier, the majority of Mr. Ramirez's testimony concerned phone calls in which Petitioner and Ramirez were recorded setting up narcotics transactions.

The first ground stated in the petition also contains an assertion that overlaps with the third ground.  In the second part of his first ground for relief Petitioner asserts that counsel was ineffective for failing to determine what town witness Rodrigo Quinonez is originally from as it pertains to Quinonez's identification of the Petitioner. (Doc. 117 at 5).  In the third ground

Petitioner asserts his counsel was ineffective "when he failed to delve further into the eyewitness identification and retain an expert for the case". (Doc.117 at 8). Petitioners claims for ineffective assistance are baseless when you look at the proceedings in this case. Counsel for the petitioner was in fact quite effective and went as far as filing a motion to suppress the identification of the Petitioner. (Doc. 55). The court held a hearing and took evidence from Mr. Quinonez. Mr. Quinonez was questioned concerning the process by which he identified the defendant. (Doc. 102 14-15 ). Further, he testified, and was cross examined, about when he first met the petitioner. (Doc. 102 at 15). The Court applied the standards set forth in *Neil v. Biggers*, 409 U.S. 188 (1972), to the identification of the Petitioner and denied the motion to suppress. Mr. Quinonez also testified at the jury trial of the Petitioner. He was once again cross examined about where he was from and where the Petitioner was from. (Doc. 103 at 107). He testified that they were not born in the same town but had lived in the same town; he further testified that he had seen Petitioner on occasions in Odessa, Texas, and had known the Petitioner since 1996. (Doc. 103, 102-103). Every aspect of Petitioner's complaints were addressed during the testimony and the cross examination of the witness. Petitioner's counsel asked the questions that Petitioner wanted covered and even went so far as to try to suppress the identification as Petitioner requested. Petitioner's claims essentially boil down to him not being happy with the results of the pretrial hearing and the jury trial. Petitioner also complains in his petition that counsel was ineffective for failing to retain an expert in identification. (Doc. 117 at 8). The problem with Petitioner's claim is that he then fails to state how an expert would have helped in this situation. Petitioner just makes a short conclusory statement, that eyewitness identification is inherently unreliable. The Fifth Circuit "has made clear that conclusory allegations of

ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (citing *Miller*).  In *United States v. Medrano*, 22 F.3d 1095, *2 (5th Cir. 1994), a habeas petitioner made similar ineffective assistance claims, but failed to explain them in even rough detail.  The Fifth Circuit explained: "Medrano makes only conclusory allegations concerning counsel's alleged failure to research the law and to make proper objections to the pre sentence report.  He does not indicate what particular research counsel should have performed, what specific objections counsel should have made, or how he was prejudiced by any of these alleged errors.  Thus, this claim must fail." *Id*.

Petitioner also fails to show how the complaints made in his first and third grounds for ineffective assistance would have prejudiced the defense.  Petitioner ignores the evidence against him that consisted of phone calls that set up the narcotics transactions.  He instead complains that minor details, such as where the witness was born, would have changed the outcome of the case.  When a review of the testimony to see what the bulk of the evidence actually covered is completed the conclusion is that Petitioner's claim must fail.

## PETITIONER'S SECOND GROUND

In Petitioner's second ground he vaguely asserts that he has discovered a plea offer that counsel failed to provide to him prior to trial. (Doc. 117 at 6).   Petitioner explains that counsel informed him prior to trial that there was no plea offer.  (Doc. 117 at 6). Petitioner fails to provide any detail whatsoever about the plea offer that would enable the government to respond.  He never explains what the details of the supposed offer are, how they are documented in the file, when the supposed offer was made, who made the offer, etc. (Doc. 117 at 8) (Doc. 123 at 10).  This

appears to be an attempt by the petitioner to be as vague as possible in order to limit the ability of the government to respond. Such vague allegations fall well below the objective standard of reasonableness employed in an ineffective assistance of counsel claim.

## PETITIONER'S FOURTH GROUND

In Petitioner's fourth ground for ineffective assistance of counsel he makes a list of a series of supposed complaints about his counsel's multiple failures at the sentencing hearing. (Doc. 117 at 9). Once again, a reading of the transcript from the hearing shows Petitioner's claims are false. Prior to the sentencing hearing, Petitioner's counsel filed multiple objections to the pre sentence report as is acknowledged by the court during the sentencing hearing. (Doc. 105 at 5). In fact, Defense counsel was successful in having Petitioner's base offense level reduced 2 levels at the outset of the hearing due to a relevant conduct objection. (Doc. 105 at 7). This is in direct conflict with Petitioner's claim that counsel failed to object to relevant conduct. (Doc. 117 at 9). Counsel did object and was successful in the objection. The relevant conduct assertion also reflects a broader problem with Petitioner's motion to vacate in that it is filled with language that contains assertions that are false or do not apply to Petitioner's case. Petitioner's counsel then argues objections for leader organizer role and for obstruction of justice. The Court clearly states why the objections were overruled and what grounds the court relied upon. (Doc. 105, 12-13) (Doc. 105, 17-18). Petitioner fails to assert how counsel adding case law to his oral argument would have suddenly changed the court's clear grounds for over ruling the objections. Petitioner again just makes a conclusory statement that this is ineffective assistance of counsel.

## CONCLUSION

Petitioner fails to meet the standard put forth in *Strickland* for an ineffective assistance of counsel. In fact, Petitioner's counsel was quite diligent during the suppression, jury trial, and sentencing portions of this case. In addition, Petitioner fails to establish how the grounds for ineffective assistance would have been prejudicial to the defense. Especially in light of the other evidence against Petitioner in this case.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence, and urges the Court to deny Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255.

          Respectfully submitted,
          ROBERT PITMAN
          UNITED STATES ATTORNEY

By:   /s/ William R. Tatum
       WILLIAM R. TATUM
       Assistant United States Attorney
       Bar No. 24037585
       400 W. Illinois, Suite 1200
       Midland, Texas 79701
       432-686-4110
       432-686-4131 FAX

**Certificate of Service**

      I hereby certify that a true and correct copy of the foregoing will be mailed on June 7, 2013 to Petitioner:

JAIME ORTEGA-URQUIDI
Reg #53815-080
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

                                              /s/ William R. Tatum
                                              WILLIAM R. TATUM
                                              Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **JAIME ORTEGA-URQUIDI** | ) | |
| | ) | |
| **vs.** | ) | **NO. MO-12-CV-101** |
| | ) | **NO. MO-02-CR-096** |
| **UNITED STATES OF AMERICA** | ) | |

**ORDER**

ON THIS DATE came on to be considered the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by JAIME ORTEGA-URQUIDI in the above-numbered and styled cause, and the Court after considering same is of the opinion that said motion should be DENIED.

IT IS, THEREFORE, ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence by JAIME ORTEGA-URQUIDI be and is hereby DENIED with prejudice.

SIGNED and ENTERED this the _____ day of _____, 2013.

_____
ROBERT JUNELL
United States District Judge