**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

FILED

JAN 1 4 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | | |
|---|---|---|
| JAIME URQUIDI-ORTEGA, Movant, | § § § § | |
| v. | § § | No. MO:12-CV-101-RAJ-DC No. MO:02-CR-096-RAJ-DC |
| UNITED STATES OF AMERICA, Respondent. | § § § § § | |

## ORDER GRANTING AN EVIDENTIARY HEARING

A district court may deny a 28 U.S.C. § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Rivas-Lopez*, 678 F.3d 353, 358, n.35 (5th Cir. 2012) (citing *United States v. Bartholomew*, 974 F.2d 39, 41(5th Cir.1992) (per curiam)). Additionally, there is no requirement in the language of 28 U.S.C. § 2255 that the district court conduct a live hearing with the prisoner present when an evidentiary hearing is required to rule on a 28 U.S.C. § 2255 motion. *See Sanders v. United States*, 373 U.S. 1, 20–21 (1963). "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c). However, in § 2255 cases where resolution of factual issues is required the "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977). Thus, in cases in which factual issues are contested that cannot be resolved by affidavits, the Movant must be present at the evidentiary hearing to resolve the contested factual issues. *See Hughes*, 653 F.2d at 451; *see also United States v. Arguellas*, 78 Fed. App'x 984, 986–87 (5th Cir. 2003) (not selected for publication). This is such a case.

The Supreme Court's recent decisions in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct 1399 (2012), set forth standards for ineffective assistance of counsel in the plea bargain context.  Movant has presented allegations that counsel failed to convey a plea offer.  (Doc. 117 at 6; Doc. 123 at 10–12).

Absent an evidentiary hearing, there is no way this Court can determine the credibility of the opposing affiants in this matter.  Therefore, an evidentiary hearing is required to determine the following sole issue:

**(1) whether counsel was ineffective in the plea bargain context in light of *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), or *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012).**

**IT IS HEREBY ORDERED** that an evidentiary hearing will be held on this matter on **Thursday, February 27, 2014, at 8:30 a.m.**, in the First Floor Courtroom, at the United States Courthouse, 200 East Wall, Midland, Texas, 79701.

**IT IS FURTHER ORDERED** that E. Jason Leach be appointed as counsel solely for the purpose of this evidentiary hearing with representation to terminate following objections, if any, to this Court's Report and Recommendation to the United States District Court.

It is so **ORDERED**.

Signed this 14th day of January, 2014.

_____
DAVID COUNTS
United States Magistrate Judge