**FILED**

JUN 0 6 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                     DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JAIME ORTEGA-URQUIDI,** | § | |
| Movant, | § | |
| | § | |
| | § | |
| **v.** | § | **No. MO:12-CV-101-RAJ-DC** |
| | § | **No. MO:02-CR-096-RAJ-DC** |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |
| | § | |

### REPORT AND RECOMMENDATION THAT MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 BE GRANTED

BEFORE THE COURT is Movant Jaime Ortega-Urquidi's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 timely filed on September 28, 2012 (Doc. 117); Movant's Response to the District Court's Order to Show Cause filed on October 29, 2012 (Doc. 122); Movant's Memorandum in Support filed on December 21, 2012 (Doc. 123); the Government's Response in Opposition submitted on June 7, 2013 (Doc. 134); Movant's Reply to the Government's Response in Opposition filed on July 25, 2013 (Doc. 138); and the Government's Supplemental Briefing Concerning Potential *Lafler/Frye* Violation filed on May 14, 2014 (Doc. 155). This case is before the United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated below, this Court recommends to the United States District Court that Movant's Motion to Vacate be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2002, Movant was charged in two counts of a three-count Indictment, specifically:  Count One - aiding and abetting the possession with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and Count Two -

aiding and abetting the distribution of five hundred (500) grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (Doc. 5). Movant remained a fugitive until January 9, 2009, when he was apprehended while attempting to enter the United States from Mexico using false documents. *See United States v. Ortega-Urquidi*, 420 F. App'x 305, 307 (5th Cir. 2011) (not selected for publication); (Doc. 111). On July 28, 2009, a jury found Movant guilty on all charges. The District Court, on October 28, 2009, sentenced Movant to a term of imprisonment of two hundred twenty (220) months on Counts One and Two, respectively, to be served concurrently in the U.S. Bureau of Prisons. (Doc. 98). Additionally, Movant was sentenced to five (5) years supervised release on each count, to run concurrently, and charged a two-hundred dollar ($200.00) special assessment. (*Id.*).

Movant filed a direct appeal to the United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit"). On March 16, 2011, the Fifth Circuit affirmed the judgment and sentence of the District Court. *See Ortega-Urquidi*, 420 F. App'x at 305; (Doc. 111). Movant's petition for writ of certiorari was denied on October 3, 2011. *See Ortega-Urquidi v. United States*, 132 S.Ct. 305 (2011); (Doc. 113). On September 28, 2012, Movant timely filed his Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255.[1] (Doc. 117).

Movant raises multiple issues in his Motion to Vacate including a claim asserting that Trial Counsel was ineffective for failing to communicate a plea offer from the Government.[2] (*Id.* at 5–9). An evidentiary hearing was ordered to determine the validity of a single issue: "whether counsel was

---

[1]This Court notes that although Movant was indicted in 2002 and convicted in 2010, Movant's § 2255 Motion to Vacate is not a second or successive petition. Thus, the non-retroactivity of *Lafler* and *Frye* is not in issue. *See In re King*, 697 F.3d 1189 (5th Cir. 20012) (holding that retroactive collateral review is not appropriate as the Supreme Court did not announce a new rule of constitutional law in *Lafler* or *Frye*).

[2]Movant's other grounds for relief raise issues surrounding trial and sentencing. This Court recommends relief on grounds of ineffective assistance in the plea bargain process; therefore, Movant's additional claims have not been addressed.

ineffective in the plea bargain context in light of *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), or *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012)." (Doc. 142). On April 4, 2014, this Court held an evidentiary hearing. Movant testified that he first learned of an offer to enter a written plea agreement when he received his file from Trial Counsel while incarcerated and serving his sentence post-trial. Movant described with specificity a written plea agreement allegedly offered by the U.S. Attorney's Office. Trial Counsel testified at the § 2255 evidentiary hearing that the Government did not extend a plea offer in this case and that it was not, in his experience, the practice of the Government to extend plea offers. Trial Counsel testified that he advised Movant that the only offer would be for Movant to work with the Drug Enforcement Agency (DEA) in hopes that the Government would extend a § 5K1.1 motion for sentence reduction. Movant further testified that he submitted a copy of the written plea agreement (discovered by him in the documents mailed by Trial Counsel) to the Court with his § 2255 motion. No such written plea agreement was filed with his motion. Although Movant had filed the proposed written plea agreement, and he believed that he had filed it with his motion, neither the parties nor the Court had located the written plea agreement at the time of the evidentiary hearing.

During the process of forming an opinion on Movant's § 2255, this Court located the unsigned written plea agreement, which had in fact been filed by Movant, but as an attachment to Movant's Response to the District Court's Order to Show Cause. (Doc. 122-2). The agreement is a formal written agreement from the U.S. Attorney's Office in cause number MO-02-CR-096. (Doc.122-2). It offers Movant the opportunity to plead guilty to Count One of the Indictment in exchange for a dismissal of Count Two. (*Id.* at 2 ¶ 4, 4 ¶ 6). The Government's offer includes the potential for a motion from the Government asking the District Court to award acceptance of responsibility credit pursuant to U.S.S.G.

§3E.1(b). (*Id.* at 3 ¶ 2). The offer further provides for the possible filing of "a recommendation pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e). . . ." (*Id.* at 3 ¶ 3).

In light of the discovery of the formal written plea agreement, this Court ordered a second evidentiary hearing to fully address the issue. (Doc. 152). At that hearing, held on May 16, 2014, both parties declined to offer further testimony or evidence but made closing arguments. The Government reiterated the position expressed in its Supplemental Briefing (Doc. 155), that if relief is granted, the remedy available is re-sentencing and not a new trial.

## II. APPLICABLE LAW

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them." *U.S. v Fields*, 565 F.3d 290, 293–94 (5th Cir. 2009) (quoting *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001)). Movant's section 2255 asserts that his sentence was imposed in violation of the Constitution due to ineffective assistance of counsel. In order to prevail on such a claim, Movant must show: (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). The burden of proof is on the Movant who is alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)). If Movant fails to prove one of the elements, it is unnecessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *see also Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

4

To prove deficient performance, a defendant must show that his attorney's conduct fell below an objective standard of reasonableness. *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The Court applies a strong presumption that counsel's professional conduct was objectively reasonable or might be viewed as appropriate trial strategy. *Strickland*, 466 U.S. at 689. Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687). To demonstrate prejudice, a defendant must show that the result of the proceedings would have been different or that counsel's performance rendered the proceedings unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 369–72 (1993). This requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. Specifically, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.

### B. Ineffective Assistance of Counsel in the Plea Bargain Process

A defendant has the right to effective assistance of counsel during the plea bargaining process and defense counsel has "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, ___ U.S. ___, ___, 132 S.Ct. 1399, 1408, 182 L.Ed. 2d 379 (2012). To determine whether counsel was ineffective in the plea context courts apply the familiar two-part *Strickland* test. *Lafler v. Cooper*, ___ U.S ___, ___, 132 S.Ct. 1376, 1384, 182 L.Ed. 2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The deficient "performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler*, 132 S.Ct. at 1384 (quoting *Strickland v. Washington*, 466 U.S. 668,

5

688 (1984)). Counsel's failure to communicate a formal plea offer constitutes deficient performance. *See Frye*, 132 S.Ct. at 1408–09.

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" *Lafler*, 132 S.Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). Specifically, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* Thus, a defendant must not only establish "a reasonable probability that he would have accepted the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court." *Frye*, 132 S.Ct. at 1411. Stated another way, when establishing prejudice attributable to counsel's failure in the plea bargain context,

> . . . . a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385; *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "'Any additional jail time is significant for purposes of showing prejudice.'" *Reed*, 719 F.3d at 373 (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012)).

### III. DISCUSSION

#### A. Deficient Performance

Movant contends that Trial Counsel never informed him of the Government's plea offer. Counsel has a duty to communicate all formal plea offers to a defendant and failure to do so is deficient performance. *Frye*, 132 S.Ct. at 1408–09. In this case, Movant establishes that Trial Counsel's

performance fell below an objective standard of reasonableness for failing to convey the Government's formal plea offer. *See Frye*, 132 S.Ct. at 1408–09; *Lafler*, 132 S.Ct. at 1384.

It is indisputable that the Government extended a written formal plea offer to Movant on March 20, 2009, in the form of a written plea agreement. Movant submitted a copy of the written plea agreement to the Court in his Response to the District Court's Order to Show Cause. (Doc. 122-2). The basic terms of the offer gave Movant the opportunity to plead guilty to Count One of the Indictment in exchange for a dismissal of Count Two. (*Id.* at 2 ¶ 4 & 4 ¶ 6). The offer provided for a potential award of acceptance of responsibility credit pursuant to U.S.S.G. §3E.1(b), and possible recommendations pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e). (*Id.* at 3 ¶ 2–3).

It is also indisputable that the Government's plea offer was conveyed to Trial Counsel. The written plea agreement was sent by facsimile (fax) transmission from the U.S. Attorney's Office to Trial Counsel on March 20, 2009. Located at the top of each page of the written plea agreement before this Court is the fax number for the U.S. Attorney's Office in Midland, Texas, and the fax number for Trial Counsel's law firm. (*Id.*). The time and date print on the faxed written plea agreement indicate that it was transmitted at 8:50 on March 20, 2009, from the U.S. Attorney's Office to Trial Counsel. (*Id.*).

Movant testified that the first time he learned of the Government's plea offer was when he received his file from Trial Counsel post-conviction. Specifically, Movant testified:

| | |
|---|---|
| Mr. Leach: | After your appeal was denied, did there come a time when you wrote Mr. Hirsch for your file, a copy? |
| Movant: | Yes, I asked for it in March 2010. Yes, I sent him a letter requesting all the documents in my case. |
| Mr. Leach: | And he complied with that letter and sent all the documents to you? |
| Movant: | Yes. He sent me a letter explaining that these are the documents of your case and don't you lose them because I don't have any copies. |
| Mr. Leach: | Okay. Was there a plea agreement contained in the documents that you received from Mr. Hirsch? |
| Movant: | Yes. When I was reviewing the documents I saw a plea agreement that was sent on March the 20th at 8:50 by the U.S. Attorney's Office. |

7

| Mr. Leach: | How do you know the dates and the time so well? |
| Movant: | Because the document had a stamp on the upper side of it about the date and the time. |
| Mr. Leach: | Is that the first time you had ever seen that document? |
| Movant: | Yes, that was the first time I saw it. |

(Electronic Transcript at 10:41:20–10:43:47). This Court finds Movant's testimony, that the first time he learned of the plea offer was when he received his file, to be credible. A letter from Trial Counsel to Movant dated March 10, 2010, confirms that the file was sent to Movant in March 2010. (Doc. 122-1). Most notably, Trial Counsel's own testimony reveals that he did not communicate the Government's plea offer and, in fact, he advised Movant that the Government did not make offers. Specifically, Trial Counsel testified:

| AUSA: | Do you remember during any of your meetings whether or not Mr. Ortega wanted to enter a guilty plea? |
| Mr. Hirsch: | No ma'am. |
| AUSA: | Did you have any discussions about him entering a guilty plea? |
| Mr. Hirsch: | The only discussion I had with Mr. Ortega is that the Government at that time did not offer plea bargains. The only thing the government would offer would be for him to disclose facts to the DEA and they might give him a 5K1.1 and that's it. |
| AUSA: | So in general, in your experience in general, an offer from the Government would have been to plead to the indictment? |
| Mr. Hirsch: | Yeah, the Government wouldn't make offers. |

(Electronic Transcript at 11:15:54–11:16:30).

Movant establishes that Trial Counsel's performance fell below an objective standard of reasonableness. *See Lafler*, 132 S.Ct. at 1384; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Movant shows the existence of a formal plea offer from the Government that Trial Counsel did not communicate to his client. *See Frye*, 132 S.Ct. at 1408–09. Therefore, Movant establishes Trial Counsel's performance as deficient.

8

## B. Prejudice

Movant contends that had the Government's plea offer been conveyed to Movant the outcome of the plea process would have been different. In order to establish prejudice for Trial Counsel's failure to convey the plea offer, Movant must show that but for Trial Counsel's deficient performance, "there is a reasonable probability the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [and] that the court would have accepted its terms. . . ." *Lafler*, 132 S.Ct. at 1385; *see also Frye*, 132 S.Ct. at 1411. Movant establishes that there is a reasonable probability the Government would not have withdrawn the plea offer and the District Court would have accepted the terms. *See id.* There were no intervening circumstances surrounding this case that would have warranted the withdrawal of the offer by the Government and the offer was a typical written plea agreement often accepted by the District Court. Thus, the remaining question is whether there is a reasonable probability that Movant would have accepted the Government's offer. *See id.*

At the evidentiary hearing, Trial Counsel's testimony and Movant's testimony conflicted. Trial Counsel testified that his recollection was that Movant maintained his innocence and wanted a trial. Movant testified that he sought a plea agreement, did not want a trial, and did not maintain his innocence to Trial Counsel. In light of Trial Counsel's adamant denial that there was a plea offer in this case and his testimony that it was not the Government's practice to extend plea offers, when the evidence clearly shows that a written plea agreement was conveyed from the Government to Trial Counsel, this Court finds it difficult to believe Trial Counsel's testimony over Movant's. Therefore, this Court finds Movant's testimony to be the more credible recollection of events; specifically, that it was Movant's desire to seek a plea offer and enter into a plea agreement with the Government.

9

Movant's testimony reveals that he asked Trial Counsel on multiple occasions whether the Government had made any plea offers. (*See* Electronic Transcript at 10:31:54–10:33:30; 10:55:09–10:56:00; 11:04:05–11:04:30; 11:05:56–11:06:00). His inquiry was met with Trial Counsel's advice that the Government did not make offers and a failure to convey the Government's plea offer in the form of a written plea agreement. (Electronic Transcript at 11:15:54–11:16:30). Additionally, at the evidentiary hearing Movant explained why he wanted to enter into a plea agreement instead of proceeding to trial. Movant testified:

| | |
|---|---|
| Mr. Leach: | Why Mr. Ortega were you interested or what motivated you to be interested in whether the Government was going to make a plea offer or give you a plea agreement? |
| Movant: | I was looking all the time for that plea offer so I could declare myself guilty. I didn't want to be in front of a jury because I was not going to win. |

(Electronic transcript at 10:43:50–10:44:53). Furthermore, Movant insisted that he informed Trial Counsel of his desire to enter a guilty plea.

| | |
|---|---|
| AUSA: | Did you ever inform anyone that you wanted to enter a guilty plea, yes or no? |
| Movant: | Yes, to Mr. Hirsch, on April 23rd I told him. |

(Electronic Transcript at 11:03:41–11:04:05). Movant maintained that he never told Trial Counsel that he was innocent and wanted a trial.

| | |
|---|---|
| AUSA: | Isn't it true that you told Mr. Hirsch that you were innocent and you wanted to go to trial? |
| Movant: | I never told him I was innocent. |

(Electronic Transcript at 10:53:47–10:53:59).

Taken as a whole, Movant's testimony establishes that there is a reasonable probability that had Trial Counsel conveyed the Government's plea offer, Movant would have accepted the offer and the outcome of the plea process would have been different. *See Lafler*, 132 S.Ct. at 1384; *Frye*, 132 S.Ct. at

10

1411. Movant's testimony reveals a desire not to go to trial and a willingness to accept an offer from the Government. In this case, there was a written formal plea offer from the Government and had it been conveyed there is a reasonable probability it would have been accepted. *See Lafler*, 132 S.Ct. at 1384. Based on the aforementioned, Movant establishes *Strickland* prejudice as there is a reasonable probability that but for Trial Counsel's errors the results of the plea process would have been different. *See id.*; *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

### C. Remedy

"Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Lafler*, 132 S.Ct. at 1388 (quoting United *States v. Morrison*, 449 U.S. 361, 364 (1981)). In the Government's Supplemental Briefing Concerning Potential *Lafler/Frye* Violation, the Government argues that the appropriate remedy in this case (if the Court determines that Trial Counsel was ineffective) does not involve vacating Movant's sentence and granting a new trial. (Doc. 155). Instead, the Government urges that resentencing is the appropriate remedy. This Court agrees with the Government's position that a new trial is not the appropriate remedy. In *Lafler*, the Supreme Court set forth the following remedy:

> The correct remedy in these circumstances . . . is to order the [Government] to reoffer the plea agreement. Presuming [Movant] accepts the offer, the . . . trial court can then exercise its discretion in determining whether to vacate the convictions and resentence [Movant] pursuant to the plea agreement, to vacate only some of the convictions and resentence [Movant] accordingly, or to leave the convictions and sentence from trial undisturbed. . . . Today's decision leaves open to the trial court how best to exercise that discretion in all the circumstances of the case.

*Lafler*, 132 S.Ct. at 1391.

This Court recommends to the District Court that the Government be ordered to re-offer the plea agreement. If Movant accepts the offer, the District Court can choose to accept or deny the agreement in accordance with its typical process for accepting or denying a plea agreement. If the District Court

accepts the agreement, the Government has advised this Court that Movant will be given an opportunity

to proceed with the agreement as if it were entered before the jury trial. At a minimum, if the District

Court accepts the written plea agreement, the conviction under Count Two along with the one-hundred

dollar ($100.00) special assessment should be vacated as the plea agreement offers to dismiss Count Two

for a plea of guilty to Count One. The length of the sentence for a conviction under Count One is within

the District Court's discretion and should be determined at the re-sentencing hearing under the standard

procedures used for a typical sentencing hearing that involves a plea agreement.

## IV. RECOMMENDATION

Based on the aforementioned, this Court recommends to the U.S. District Court that Movant's

Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **GRANTED** on the

ground of ineffective assistance of counsel for failing to convey a plea offer. This Court further

recommends that the Government be ordered to re-offer the written plea agreement extended to Movant

on March 20, 2010. This Court additionally recommends that a new trial is not the appropriate remedy.

The remedy should be executed through the standard procedures for accepting a plea agreement; and, if

the plea agreement is accepted by the District Court, a re-sentencing hearing should occur under the same

procedures used in a typical sentencing hearing that involves a plea agreement.

## V. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), any party who

desires to object to this report must serve and file written objections within fourteen (14) days after being

served with a copy. A party filing objections must specifically identify those findings, conclusions, or

recommendations to which objections are being made; the District Court need not consider frivolous,

conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and

serve the objections on all other parties. A party's failure to file such objections to the proposed findings,

12

conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Entered this 6th day of June, 2014.

DAVID COUNTS
U.S. MAGISTRATE JUDGE